UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSCAR FELIX, on behalf of himself and other individuals similarly situated,<br><br>                                  Plaintiffs,<br><br>      against<br><br>ROOSEVELT UNIVERSITY; and other affiliated entities and individuals,<br><br>                                 Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Named Plaintiff Oscar Felix (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, against Defendant, Roosevelt University[1] (the "University" or "Defendant") alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This class action is brought on behalf of Named Plaintiff Oscar Felix and those similarly situated who paid, or will pay, tuition and/or fees to attend Roosevelt University (the "University") for an in-person, hands on education for the Spring 2020 semester, Summer 2020 semester, and any future semester, and had their coursework moved to online learning as a result of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19"). Plaintiffs did not receive the benefit and services that they bargained for when they provided payment for tuition and various mandatory student fees described herein (the "Mandatory Fees").

2.      On or around March 12, 2020, Roosevelt University canceled all in-person

---

[1] Including all campuses and branches.

1

education and in-person educational services, then transitioned to complete online education.

3.     Despite the University's failure to provide the services and experiences as bargained for, Defendant has not offered any refund of the tuition or Mandatory Fees that Plaintiff and the Class paid, even though it ceased in-person learning since March 12, 2020.

4.     In short, as to tuition, Plaintiff and the members of the Class have paid tuition for a first-rate education and educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which alternative constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

5.     As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which were simply not provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

6.     Plaintiff seeks, for himself and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees proportionate to the decrease in benefit contracted for  when the University switched to online distance learning. The return of such pro-rated amounts would compensate Plaintiff and the Class members for damages sustained by way of Defendant's breach.

## FACTUAL ALLEGATIONS

7.      Plaintiff and Class Members are individuals that paid or will pay to attend Roosevelt University, including tuition and/or Mandatory Fees.

8.      Defendant accepted Plaintiff's and Class Members' payments in exchange for educational services, experiences, and opportunities as detailed in Defendant's marketing, advertisements, and other public representations.

9.      The Spring 2020 Semester at the University began on or about January 21, 2020 and ended on or about May 18, 2020.[2]  The Summer 2020 Semester began on or about May 26, 2020 and was scheduled to end on or about August 3, 2020.[3]

10.      Named Plaintiff Oscar Felix was a full-time graduate student in a human resources management program during the Spring 2020 semester. Roosevelt University charged plaintiff approximately $6,500.00 in tuition and Mandatory Fees during the Spring 2020 semester.

11.      Plaintiff paid tuition and Mandatory Fees for in-person educational services, experiences, opportunities, commencement exercises, and other related collegiate services for the entire semester.

12.      Tuition costs at the University for undergraduate students enrolled in the Spring 2020 semester and Summer 2020 semester were as follows:[4]

| | | |
|---|---|---|
| Robert Morris Experiential College<br>Explore programs in the Robert Morris Experiential College | See the RMEC tuition page | See the RMEC tuition page |
| College of Arts and Sciences<br>Explore programs in the College of Arts and Sciences | $825 | $30,876 |
| College of Arts & Sciences Harper College 3+1 or 2+2 | $518 | $518 (per credit hour) |
| Heller College of Business<br>Explore programs in the Heller College of Business | $840 | $31,475 |
| Heller College of Business College of DuPage 3+1 | $588 | $588 (per credit hour) |
| College of Education<br>Explore programs in the College of Education | $825 | $30,876 |
| College of Education Harper College 2+2 | $518 | $518 (per credit hour) |
| Chicago College of Performing Arts<br>Explore programs in the Chicago College of Performing Arts | $1,615 | $39,160 |

13.      Tuition costs at the University for graduate students enrolled in the Spring 2020 semester were as follows:[5]

---

[2] https://www.roosevelt.edu/news-events/events/academic-calendar-print.
[3] *Id.*
[4] https://www.roosevelt.edu/tuition-aid/tuition/tuition-2019-2020.
[5] *Id.*

| | | |
|---|---|---|
| College of Arts and Sciences<br>**Explore programs in the College of Arts and Sciences** | $928 | $20,858 |
| MFA in Creative Writing | $1,231 | $22,581 |
| MA in Biomedical Science | $1,260 | $1,260 (per credit hour) |
| MA in Clinical Psychology | $1,132 | $20,858 |
| MA in Clinical Psychology Counseling Practice | $1,132 | $20,858 |
| Heller College of Business<br>**Explore programs in the Heller College of Business** | $1,101 | $1,101 (per credit hour) |
| Hospitality and Tourism Management | $948 | $948 (per credit hour) |
| Human Performance Improvement | $948 | $948 (per credit hour) |
| Organizational Development | $948 | $948 (per credit hour) |
| College of Education<br>**Explore programs in the College of Education** | $882 | $19,368 |
| Counseling Programs | $882 | $19,368 |
| Training & Development | $926 | $20,797 |
| Instructional Leadership | $391 | $391 (per credit hour) |
| Non-degree | $391 | $391 (per credit hour) |
| Teacher Preparation Programs<br>*(Includes graduate programs in Early Childhood Education, Elementary Education, Middle School Education, Secondary Education and Special Education)* | $882 | $15,931 |

14.     The Mandatory Fees at the University consist of the following:[6]

| Fees per Semester | |
|---|---|
| Undergraduate General Fee (For full-time undergraduate students [except those in Performing Arts], the General Fee is included in tuition.) | $125 |
| Graduate General Fee | $150 |
| Student Activity Fee (For full-time undergraduate students, the Student Activity Fee is included in tuition. Non-degree/at large enrollees and those enrolled in fully online programs are exempt from the Student Activity Fee.) | $25 |
| CTA Ventra U-Pass (Non-refundable fee applied to all full-time Chicago Campus students regardless of usage. The amount of the fee is subject to change by the Chicago Transit Authority and Ventra.) | $153 |

15.     Plaintiff and the members of the Class paid tuition for the benefit of on-campus

live interactive instruction and an on-campus educational experience throughout the entire

---

[6] https://www.roosevelt.edu/tuition-aid/tuition/tuition-2019-2020.

semester.

16.     Plaintiff and the members of the Class paid the Mandatory Fees for the semester so they could benefit throughout the entire semester from on-campus organizations, clubs, recreational education, crime prevention, and health and wellness services.

17.     Members of the Class have taken to online petitions to demand the future discount of tuition and Mandatory Fees for the Fall 2020 semester and beyond, as the online education is lower in value than the traditional in-person education.[7]

18.     Despite the demand, the University has not refunded or discounted tuition or Mandatory Fees for its students.

### *In Response to COVID-19, the University Closed Campus, Preventing Access to its Facilities, Services, and Cancelled All In-Person Classes*

19.     In response to the COVID-19 pandemic, the University created a new section on its website to post news alerts and updates.[8]

20.     On or around March 12, 2020, Roosevelt University announced that because of COVID-19, they would suspend and cancel all in-person classes and college experiences for the remainder of the Spring Semester 2020 (following Spring Break recess) and that all learning would transition to online beginning on March 23, 2020.[9]

21.     On March 19, 2020, the University cancelled its in-person commencement ceremony and conferral of degrees.[10]  On March 20, 2020 the University announced cancellations and/or restrictions to campus facilities and student services, including the counseling center, fitness

---

[7] https://www.change.org/p/roosevelt-university-ask-ccpa-at-roosevelt-university-to-lower-tuition-rates-for-the-fall-semester;
[8] https://blogs.roosevelt.edu/coronavirus/.
[9] https://blogs.roosevelt.edu/coronavirus/2020/03/12/roosevelt-classes-postponed-until-monday-march-23/.
[10] https://blogs.roosevelt.edu/coronavirus/student-services/.

centers, career services, libraries, dining centers, and study areas.[11]

22.     On April 27, 2020, the University announced that all courses for the Summer 2020 semester would be conducted solely in a remote online learning format.[12]

23.     Defendant was unable to provide in-person educational experiences, services, and opportunities for approximately 59% of the Spring 2020 semester.

24.     Prior to the suspension of in-person classes for the Spring 2020 semester, Plaintiff Oscar Felix attended campus events and was involved in student activities and/or clubs.

25.     As a result of Defendant's closure, Defendant has not complied with its obligation to provide in-person educational services along with other experiences, opportunities, and services Plaintiff and the Class paid for.

### *The University's Online Courses Are Sub-par to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the University to Receive by Paying Tuition and Fees*

26.     Plaintiff and the Class did not enter into an agreement with Defendant for online education, but rather sought to receive in-person education from Defendant's institution.

27.     On its website, the University markets its on-campus experience as a benefit of enrollment:[13]

# World-Class Performing Arts

Plays, concerts, art exhibits, dance. Open yourself to new ideas and find new friends through Roosevelt's vibrant performing arts culture.

---

[11] *Id.*
[12] https://blogs.roosevelt.edu/coronavirus/2020/04/27/weekly-recap-4-24-2020/.
[13] https://www.roosevelt.edu/.

# Join Laker Nation

With 35 men's and women's athletic teams, programs and clubs to cheer for, you'll be a Laker in no time.

# Student Organizations

So, you want to be a participant, not just a spectator? We've got you covered. Get involved, serve others and meet people who share your passions.

28.     The University uses its website, promotion materials, circulars, admission papers, and publications to tout the benefit of being on campus and the education students will receive in its facilities.

29.     The online learning options being offered to the University's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.  During the online portion of the semesters, the University offered some classes through Zoom or through pre-recorded lectures for students to watch on their own.  Some classes, however, provided no live or recorded lectures and provided only self-teaching assignments. Therefore, there was a significant lack of classroom interaction among teachers and students, and among individual students that is instrumental in interpersonal skill development.

30.     The online formats being used by the University do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

31.     Students have been deprived of the opportunity for collaborative learning and in-

person dialogue, feedback, and critique.

32.     Access to facilities such as libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and material parts of the basis upon which Roosevelt University can charge the tuition it charges, are not being provided.

33.     The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semester for the period it moved to sub-par online distance learning.

34.     Nor has the University refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the semesters even though it limited access to or ceased the services and facilities for which the Mandatory Fees were intended to pay.

35.     Therefore, Plaintiff and Class Members are entitled to a pro-rata refund of the tuition and fees they paid to Defendant for in-person educational services as well as other marketed collegiate experiences and services that were not provided.

## JURISDICTION AND VENUE

33.     This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.

34.     This court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

35.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant operates its primary campus within this district.

## PARTIES

36.     Plaintiff Oscar Felix was a student and a resident of Chicago, Illinois.  Plaintiff was enrolled as a full-time graduate student at Roosevelt University during the Spring 2020 semester. Plaintiff graduated at the conclusion of the semester.

37.     Plaintiff has not been provided a pro-rated refund of the tuition or Mandatory Fees paid to Defendant, despite the fact that the University has been shut down since on or about March 12, 2020.

38.     Defendant Roosevelt University is a private university founded in 1945, with campuses in Chicago, Peoria, and Schaumburg, Illinois. The University's principal place of business is located in Chicago, Illinois.

## CLASS ALLEGATIONS

39.     Plaintiff brings this matter on behalf of himself and those similarly situated. As detailed in this Complaint, Defendant failed, or will fail, to provide the in-person education services the Plaintiffs paid tuition and fees to receive during the Spring 2020, Summer 2020, and future semesters.

40.     Plaintiff was impacted by and damaged by this misconduct.

41.     Accordingly, this action is ideally situated for class-wide resolution.

42.     The Class is defined as all individuals who paid tuition and fees to attend any campus of Roosevelt University in order to receive in-person educational services, experiences, and opportunities during the Spring 2020 semester, Summer 2020 semester, and any future semester, but had their class(es) moved to online learning. (the "Class").

43.     The Class is properly brought and should be maintained as a class action under

FRCP 23 satisfying the class action prerequisites of numerosity, commonality, typicality, and

adequacy because:

44.     Numerosity: Class Members are so numerous that joinder of all members is

impracticable. Plaintiff believes that there are thousands of individuals who are Class

Members described above who have been damaged by Defendant's breach of contract.

45.     Commonality: The questions of law and fact common to the Class Members

which predominate over any questions which may affect individual Class Members include,

but are not limited to:

   a.   Whether Defendant accepted money from Plaintiff and Class Members
        in exchange for a promise to provide services;
   b.   Whether Defendant provided those services as bargained for;
   c.   Whether Plaintiff and the Class Members are entitled to a pro-rata portion
        of the tuition and fees paid for services that were not provided;
   d.   Whether Defendant was unjustly enriched; and,
   e.   Whether Defendant converted money from the Plaintiff and Class
        Members.

46.     Typicality: Plaintiff is a member of the Class. Plaintiff's claims are typical of the

claims of each Class Member in that every member of the Class was subject to Defendant's breach

of contract, unjust enrichment and conversion. Plaintiff is entitled to relief under the same causes

of action as the other Class Members.

47.     Adequacy: Plaintiff is an adequate Class representative because his interests do not

conflict with the interests of the Class Members he seeks to represent; his claims are common to

all members of the Class, and he has a strong interest in vindicating his rights; he has retained

counsel competent and experienced in complex class action litigation and they intend to vigorously

prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class

Members' interests will be fairly and adequately protected by Plaintiff and his counsel. Defendant

has acted in a manner generally applicable to the Class, making relief appropriate with respect to

Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members

would create a risk of inconsistent and varying adjudications.

48.     The Class is properly brought and should be maintained as a class action under

FRCP 23 because a class action is superior to traditional litigation of this controversy. Common

issues of law and fact predominate over any other questions affecting only individual members of

the Class. The Class issues fully predominate over any individual issue because no inquiry into

individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive and

misleading practices.

49.     In addition, this Class is superior to other methods for fair and efficient

adjudication of this controversy because, *inter alia:*

50.     Superiority: A class action is superior to the other available methods for the

fair and efficient adjudication of this controversy because:

    a. The joinder of thousands of individual Class Members is impracticable,
cumbersome, unduly burdensome, and a waste of judicial and/or
litigation resources;

    b. The individual claims of the Class Members may be relatively modest
compared with the expense of litigating the claim, thereby making it
impracticable, unduly burdensome, and expensive-if not totally impossible-to
justify individual actions;

    c. When Defendant's liability has been adjudicated, all Class Members' claims can
be determined by the Class and administered efficiently in a manner far less
burdensome and expensive than if it were attempted through filing, discovery,
and trial of all individual cases;

    d. This class action will promote orderly, efficient, expeditious, and
appropriate adjudication and administration of Class claims;

    e. Plaintiff knows of no difficulty to be encountered in the management of
this action that would preclude its maintenance as a class action;

    f. This class action will assure uniformity of decisions among Class Members;

    g. The Class is readily definable and prosecution of this action as a class action
will eliminate the possibility of repetitious litigation;

    h. Class Members' interests in individually controlling the prosecution of
separate actions are outweighed by their interest in efficient resolution by

single class action; and

i. It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's deceptive and discriminatory consumer practices.

51.     Accordingly, this Class is properly brought and should be maintained as a class action under FRCP 23 because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

52.     Plaintiff and the Class can maintain this action as a class action under FRCP 23(b)(1), (2), and (3).

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and All Class Members)**

53.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

54.     Plaintiff, on behalf of himself and other members of the class, brings a common law claim for Breach of Contract.

55.     By accepting payment, Defendant entered into contractual arrangements with Plaintiff and Class Members to provide educational services, experiences, opportunities, and related services for entire semester.

56.     Defendant is in possession of all contracts, materials, circulars, advertisements, and the like between the Plaintiff and members of the Class, on one hand, and the University on the other.

57.     Defendant received and retained the benefits without providing those benefits to Plaintiff and Class Members.

58.     As a direct and proximate result of Defendant's breach of contract, Plaintiff and

Class Members have been harmed by not receiving the educational experiences, opportunities, and services they paid for during the semesters.

59.     Defendant is required to perform under the contract and COVID-19 does not excuse such performance. Therefore, Defendant should be required to return pro-rata shares of the tuition, and fees paid by Plaintiff and Class Members that related to services that were not provided for after Roosevelt University shut down on or around March 12, 2020.

## SECOND CAUSE OF ACTION
## CONVERSION
### (On Behalf of Plaintiff and All Class Members)

60.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

61.     Plaintiff, on behalf of himself and other members of the Class, brings a common law claim for Conversion.

62.     Plaintiff and Class Members provided the University with property in the form of funds (tuition and Mandatory Fees), to be in exchange for in-person and on campus services, facilities and face to face instruction.

63.     The University exercises control over Plaintiff's and Class members' property.

64.     The University intentionally interfered with Plaintiff's and the Class members' property when it unilaterally moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class.

65.     Class members demanded the return of their property proportionate to the reduction in benefit for education and services during remainder of the Spring 2020 semester, or the entirety

of the Summer 2020 or any future semesters, when in-person and on-campus live education, and access to the University's services and facilities were unavailable.

66.     The University's retention of the tuition and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and Class of the benefits for which the tuition and Mandatory Fees were paid, and of their funds paid for those benefits.

67.     Plaintiff and the Class members are entitled to the return of the pro-rated amounts of tuition and Mandatory Fees each paid equal to the reduction in benefit for education and services during the remainder of the Spring 2020 semester, or the entirety of the Summer 2020 or any future semesters, when in-person and on-campus live education, and access to the University's services and facilities were unavailable.

**THIRD CAUSE OF ACTION**
**COMMON LAW UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

68.     Plaintiff, on behalf of himself and other members of the class, brings a common law claim for unjust enrichment.

69.     Plaintiff and Class Members conferred financial benefits and paid substantial tuition and Mandatory Fees to Defendant for educational and related services for the semesters. As bargained for, these tuition and Mandatory Fee payments were intended to cover in-person education and experiences throughout the entire semesters.

70.     Defendant accepted the obligation to provide such services when they accepted payment.

71.     Defendant retained these payments, despite Defendant's failing to provide the bargained for educational, experiences, and services for which the tuition and fees were collected

to cover. Defendant should be required to return a pro-rate share of any Spring 2020, Summer 2020 semesters, and/or future semesters tuition and Mandatory Fees, of which services were not provided as bargained for, since Roosevelt University shut down on or around March 12, 2020.

72.     Under common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

73.     Undoubtedly, the costs incurred for having an online only program is significantly lower than the overhead needed to provide classes and services on campus.

74.     Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## DEMANDS FOR RELIEF

75.     Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, on behalf of himself and the Class, pray for judgment as follows:

(a)     Declaring this action to be a proper class action and certifying

         Plaintiff as the representative of the Class under FRCP 23;

(b)     Awarding monetary damages, including damages;

(c)     Awarding punitive and treble damages;

(d)     Awarding Plaintiff and Class Members their costs and expenses incurred in this

         action, including a reasonable allowance of attorney's fees for Plaintiff's

         attorneys and experts, and reimbursement of Plaintiff's expenses; and

(f)     Granting such other and further relief as the Court may deem just and proper.

Dated: August 14, 2020
      Chicago, Ill

CARLSON LYNCH LLP

*/s/ Katrina Carroll*
Katrina Carroll
Nicholas R. Lange
111 West Washington Street, Suite 1240
Chicago, IL  60602
P (312) 750-1265
kcarroll@carlsonlynch.com
nlange@carlsonlynch.com

Gary F. Lynch
Edward W. Ciolko
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
P (412) 322-9243
F. (412) 231-0246
glynch@carlsonlynch.com
eciolko@carlsonlynch.com

&

THE SULTZER LAW GROUP, P.C.
Jason P. Sultzer, Esq. (to apply pro hac vice)
Jeremy Francis, Esq. (to apply pro hac vice)
sultzerj@thesultzerlawgroup.com
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Telephone: (854) 705-9460

&

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown, Esq. (to apply pro hac vice)
Michael A. Tompkins, Esq. (to apply pro hac vice)
Brett R. Cohen, Esq. (to apply pro hac vice)
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com


*Counsel for Plaintiff and Proposed Class*

17